Eva Estes CONWAY et al., Appellants,

v.

Margaret ESTES, Appellee.

No. 16213.

Court of Civil Appeals of Texas.

Fort Worth.

April 21, 1961.

Max E. Clark, McDonald, Sanders, Nichols, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellants.

Thompson, Walker, Smith & Shannon, and Charles B. Harris, Fort Worth, for appellee.

RENFRO, Justice.

This suit was brought for construction of a will. Margaret Estes, appellee herein, was plaintiff; Eva Estes Conway, Flora Jane Estes Clark, and Edna Estes Keith were defendants and are appellants in this appeal. Plaintiff and defendants were the surviving daughters of Edna M. Estes. Edna M. Estes died on June 12, 1955, leaving a handwritten will dated November 25, 1953.

Following is the pertinent portion of the will: "To Margaret Estes, I leave my property at 4224 East Lancaster until at such time she decides to sell then I want Eva Estes Conway, Edna Estes Keith and Flora Jane Estes Clark to have a share of the money not less than a thousand dollars a piece * * *."

In construing the will the trial court held the property was, under the terms of the will, devised in fee simple to Margaret Estes, subject only to an obligation to pay

the other daughters $1,000 each in the event she sold the land during her lifetime.

Defendants challenge the construction placed on the will by the trial court and contend plaintiff was not bequeathed a fee simple title to the land, but that she was entitled only to the use and possession of it until such time as she should decide to sell it, and further that the language of the will is insufficient to constitute a devise of the land to anyone, except the right of use by plaintiff until the land is sold.

■ It is a familiar rule of construction that the law favors the first taker, and that the language of the will should be construed so as to grant the first taker the greatest estate which, by a fair construction, it is capable of passing. Lawrence v. Lawrence, Tex.Civ.App., 229 S.W.2d 219; 44 Tex.Jur. 703. If there be ambiguity regarding limitation attempted or estate devised, or doubt regarding application, the larger estate will vest. Banks v. Banks, Tex.Civ.App., 262 S.W.2d 119.

■ It will be noted the testatrix wrote: "To Margaret Estes, I leave my property at 4224 East Lancaster * * *." She did not "leave" her property to defendants or to anyone other than plaintiff. Plaintiff was under no obligation under the will to give a portion of the property to anyone, was not obligated to sell, and was not requested to sell and no suggested time of sale was mentioned in the will. The only limitation on plaintiff was "at such time she decides to sell" then testatrix wanted the defendants to have a share of the proceeds in an amount not less than $1,000 each. In our opinion the will did not give or bequeath the defendants any interest in the land, but merely an interest in proceeds derived from a sale of the land if plaintiff should sell it. Whether she sells the land is optional with plaintiff. The will does not require it.

If we be mistaken in our view that the words alone show an intent to bequeath fee simple title to plaintiff, then we hold that extrinsic evidence was proper for the purpose of aiding in determining testatrix' intent.

■ It is competent to admit extrinsic evidence to explain the intent of the testator by showing his situation in his relation to persons and things around him or by proof of the surrounding circumstances in order that the will may be read in the light of the circumstances in which he was placed at the time of making it. McDow v. Lund, Tex.Civ.App., 250 S.W.2d 247, ref.; Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Houston Bank & Trust Co. v. Lansdowne, Tex.Civ.App., 201 S.W.2d 834.

At the time of signing the will testatrix was elderly and divorced. Plaintiff was divorced and childless, with no plans of marriage. For several years plaintiff and testatrix had made their home together on the property in question and plaintiff had contributed the proceeds of an insurance policy to her mother and had spent her own money for partial upkeep of the property. The defendants, at the time the will was executed, were married, had children and homes of their own.

It is reasonable to believe testatrix favored plaintiff (in the will) because of the close association and because she knew plaintiff would be on her own and would be more in need of a home than the other daughters. Testatrix showed in her will that she cared for her other daughters for she expressed the desire that plaintiff give them at least $1,000 each if plaintiff sold the property. We believe she intended by the words used for them to have the mentioned $1,000 each if plaintiff sold the property but not otherwise.

Bearing in mind the circumstances of the parties at the time the will was executed, the nature of the property, and all the other evidence before us, we believe that the intention of the testatrix is clear to the effect that she wanted plaintiff to have the home in fee simple, and defend-

ants were only to have the mentioned amounts of money if plaintiff sold the land.

We agree with the trial court that defendants have no real property interest in the land, that plaintiff is under no obligation to sell the land, but "if, as and when" said land is sold the defendants will be entitled to $1,000 each from the proceeds.

Believing the trial court properly construed the will, the judgment is affirmed.

Affirmed.