Clyde R. VANCE et al., Petitioners,

v.

Maud Lillian WILSON, Ind. Ex'x.,
Respondent.

No. A–10002.

Supreme Court of Texas.

July 15, 1964.

Rehearing Denied Oct. 7, 1964.

Hardie, Grambling, Sims & Galatzan, El Paso, for petitioners.

Kerr, Day & Cook, Fort Worth, Hill D. Hudson, Pecos, for respondent.

NORVELL, Justice.

In essence this is a suit to declare invalid four deed of trust sales covering various parts of a section of land in Reeves County, Texas. The legal effect of a judgment rendered in Cause No. 65,906–C on the docket of the District Court of Wichita County, Texas, styled Maud Lillian Wilson, Executrix v. Billie Sol Estes is the controlling factor in the case.

The plaintiffs in the trial court were Clyde R. Vance, Clyde Littlefield, Gus Morris and R. G. Weatherly. The defendant was Maud Lillian Wilson, individually and as independent executrix of the estate of J. R. Wilson, deceased. Mrs. Wilson by counterclaim brought Billie Sol Estes into the case.

The subject matter of the suit is Section 24, Block 50, Township 8 of the Texas & Pacific Railway Surveys, Reeves County, Texas. The plaintiffs separately claim various acreages in the section while Mrs. Wilson claims the entire section.

Both sides conceded that there were no fact issues involved and made motions for summary judgment. The trial court granted plaintiffs' motion.[1] The Court of Civil Appeals reversed and remanded the cause to the trial court with instructions to render judgment for Mrs. Wilson. 373 S.W.2d 848.

We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

The plaintiffs in the trial court and Billie Sol Estes, the cross-defendant in Mrs. Wilson's counterclaim, are the petitioners in this Court. Mrs. Wilson is the respondent.

The facts and circumstances giving rise to this litigation are as follows:

On March 28, 1956, J. R. Wilson conveyed all of Section 24 to Billie Sol Estes by four separate deeds. The purchase price was represented by notes secured by deeds of trust. After Wilson's death, the respondent brought suit upon these notes. She alleged that such notes were secured by liens represented by four deeds of trust which were attached as exhibits to her petition. She prayed for judgment for her debt, together with interest and attorney's fees and for foreclosure of the deed of trust liens against the land. This cause was docketed as No. 65,906-C. A money judgment was rendered against the defendant. This judgment was silent as to the foreclosure relief prayed for by Mrs. Wilson.

Subsequently, without paying off this judgment, Estes conveyed four separate tracts out of Section 24 (aggregating the whole of the section) to petitioners Vance, Littlefield, Morris and Weatherly, and then took agricultural leases on the property from his grantees. Thereafter, the respondent requested the trustee named in the four deeds of trust above mentioned to sell the land described therein. At such sales the property was struck off to the respondent.

It is petitioners' contention that the judgment rendered in Cause No. 65,906-C by implication denied Mrs. Wilson a recovery by way of foreclosure of the deed of trust liens and consequently she could not thereafter foreclose the same by trustee's sale.

■ The general rule in Texas is that all issues presented by the pleadings are disposed of by the judgment unless the contrary appears from the face thereof. "[A] judgment which grants part of the relief but omits reference to other relief put in issue by the pleadings will ordinarily be construed to settle all issues by implication." 4 McDonald, Texas Civil Practice, 1340, § 17.10.

In Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77 (1896), Fowlkes sued for rentals covering 75 acres for the years 1889, 1890, 1891, and 1892. The defendant Rackley pleaded among other things that Fowlkes had previously sued him in trespass to try title to recover the 75 acres in question and for rents for the year 1889; that Rackley had denied all and singular plaintiff's allegation; that the court had rendered judgment for plaintiff Fowlkes for the title and ·

1. Estes tendered into court the full amount of principal and interest due under the judgment rendered in Cause No. 65,906-

C. The trial court's judgment directs that this money be delivered to Mrs. Wilson by the clerk of the court.

possession of said land but that the judgment made no mention of rents. Rackley introduced in evidence the petition, answer and judgment in this former cause and claimed that Fowlkes' right to recover rents for the year 1889 was barred by said judgment. Fowlkes' attorney testified that the question of rents was not considered in the trespass to try title case. The trial court allowed rentals for the year 1889 as well as for the other years requested and the Court of Civil Appeals affirmed, saying that since there was no evidence offered on the point in the previous case and the judgment did not mention the issue of rent, then it was manifest that the question of rent had not been adjudicated. In reversing, Mr. Justice Denman speaking for this Court said:

"The first question for us to determine is, what is the prima facie legal effect of the petition, answer, and judgment in the original cause, herein pleaded by defendant, Rackley, and introduced in evidence by plaintiff, Fowlkes, as aforesaid, upon the latter's claim for rent for the year 1889? The proposition seems to be sound in principle and well supported by authority that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause [citing authorities]. This liberal construction of the judgment against the party who sought to recover therein is supported by the presumption that the court performed the duty devolved upon it upon the submission of the cause by disposing of every issue presented by the pleadings so as to render its judgment final and conclusive of the litigation, and by the further fact that the policy of the law favors the speedy settlement of litiga-

tion and opposes the harassing of the defendant with two suits for the same cause. The issue of plaintiff's right to recover rent for 1889 having been clearly presented by the pleadings, plaintiff cannot escape this construction of the judgment, except by showing that, before its rendition, he withdrew such issue, or that the court refused to decide it."

See also Hermann v. Allen, 103 Tex. 382, 128 S.W. 115 (1910).

■ There are cases in which the question of the finality of a judgment so as to make it appealable has been passed on by the courts. The rule is that where a claim is not expressly disposed of by the judgment although raised by the pleading, the judgment will be construed as denying relief upon such claim, and the judgment will be considered as being final and appealable. Davies v. Thomson, 92 Tex. 391, 49 S.W. 215 (1899); Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161 (1913).

■ We hold that the judgment rendered in said Cause No. 65,906-C is properly construed as denying to Mrs. Wilson a foreclosure of the deed of trust liens which she alleged were valid subsisting liens securing the notes upon which she obtained her money judgment. This is not a case in which the plaintiff has mistaken a remedy or one in which a remedy was pleaded and afterwards discontinued. This is a case in which the plaintiff sought two things, namely, a recovery of a money judgment and the foreclosure of certain deed of trust liens. The case was prosecuted to final judgment and that judgment, while awarding plaintiff a recovery for her debt, must be construed as denying her prayer for foreclosure of her deed of trust liens.

■ The respondents argue and the Court of Civil Appeals adopted the view that because the judgment rendered in said Cause No. 65,906-C was an agreed judgment, the rule of refusal of requested relief by implication has no application.

We do not follow this argument. The judgment on its face does not purport to be an agreed judgment. Its recitals clearly indicate the contrary. For ought that appears, the judgment was one relating to the merits or validity of the asserted deed of trust liens. It is true that this result is arrived at by implication, but the implication is as binding as if explicitly set forth in the judgment. There is no ground here for saying that under the pleadings, the case went off on some special plea such as limitations,[2] nor, as urged by respondents, that Mrs. Wilson discontinued her action insofar as relief by way of foreclosure is concerned.

■ Nor is respondent's position bettered by her references to the statement of facts upon which she relies to demonstrate the agreed nature of the judgment. These references simply show that Estes' attorney stated that his client had no defense to the suit and he would not contest the same, but would agree to the rendition of a judgment against Estes. The attorney said that he consented to the entry of a form of judgment which had been prepared by Mrs. Wilson's attorney; that such judgment did not mention the matter of foreclosure; that he did not insist on omitting the foreclosure provision from the judgment, but that foreclosure was never mentioned. If the judgment were based upon consent, the written instrument,—the form of judgment prepared by Mrs. Wilson's attorney and signed by the judge, would be the best evidence of the judgment consented to or agreed upon. We find no evidence of an agreement that Mrs. Wilson was to retain the right to foreclose by trustee's sale in the event the judgment was not paid. Respondent insists that Mrs. Wilson abandoned any attempt to obtain a judicial foreclosure in Cause No. 65,906–C. The fact that Estes' attorney consented to the entry of the judgment actually signed by the judge does not establish such fact. This judgment must be construed in accordance with the well-established rules heretofore set out, and this requires a holding that after the entry of final judgment in Cause No. 65,906–C, the right to foreclose by trustee's sale was barred, and the attempted exercise of such right was nugatory.

■ Respondent calls our attention to Ferrantello v. Paymaster Feed Mills, Tex. Civ.App., 336 S.W.2d 644, n. r. e. (1960). It appears that Paymaster sued Bezner for debt and prayed for the foreclosure of chattel mortgage liens against a number of flocks of chickens. Paymaster also sued Ferrantello for conversion of four flocks of chickens. Suit was filed in Taylor County but, because of the filing of a plea of privilege, the case against Ferrantello was transferred to Dallas County. This resulted in a severance of the causes of action. In the Taylor County suit against Bezner, Paymaster recovered a money judgment but the judgment did not provide for a foreclosure of its chattel mortgages. The trial court and the Court of Civil Appeals held that this circumstance did not bar Paymaster's suit for conversion against Ferrantello. Only by remote analogy can the Ferrantello case be made applicable here. The application for writ of error in *Ferrantello* was refused by this Court, no reversible error. Any expressions in the opinion which might be considered contrary to the rules set forth by the Supreme Court

2. Cf. Bandy v. Cates, 44 Tex.Civ.App. 38, 97 S.W. 710, wr. ref. (1906); Poe v. Continental Oil & Cotton Co., Tex.Com. App., 231 S.W. 717, holding approved by Supreme Court (1921); Breland v. Guaranty Building & Loan Co., Tex.Civ.App., 119 S.W.2d 690, wr. ref. (1938), and see also, Seamans Oil Co. v. Guy, 115 Tex. 93, 276 S.W. 424 (1925); Delaney v. West, Tex.Civ.App., 88 S.W. 275, wr. ref. (1905); 19 Am.Jur. 728, Estoppel § 82. These authorities are for the most part election of remedies cases and discuss circumstances under which an election is or is not binding. A number of cases hold that there is no binding election when one of the apparent remedies is wholly ineffective and unavailable. Such cases are not in point here.

cases above cited were not necessarily approved by this Court in denying the application for writ of error. Rule 483, Texas Rules of Civil Procedure.

The judgment of this Court is rendered in the terms and provisions above indicated.