**CHEM–GAS ENGINEERS, INC., Appellants,**

v.

**TEXAS ASPHALT & REFINING COM-PANY et al., Appellees.**

No. 4445.

Court of Civil Appeals of Texas.

Waco.

Nov. 12, 1965.

Nowlin Randolph, Houston, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

WILSON, Justice.

Appellee has filed a motion to dismiss the appeal on the ground the judgment appealed from does not dispose of all issues and par-

ties, and is not a final, appealable judgment. The motion is overruled.

Appellant sued Texas Asphalt Refining Company and Fort Worth National Bank, asserting a debt against the former for labor and material furnished in improving realty, and seeking foreclosure of a lien. The petition alleged the bank also claimed a lien on the same realty, and prayed for a declaration that appellant's lien was prior and superior, and for its foreclosure. Texas Asphalt filed a plea in abatement alleging the prior pendency of another suit in which appellant's action constituted a compulsory counterclaim.

The order sustaining Texas Asphalt's plea in abatement, which is that sought to be appealed from, concluded: "and such action as against said defendant is hereby abated and dismissed without prejudice at plaintiff's cost."

■ Where a plea in abatement alleging prior pendency of another suit is sustained, the proper order to be entered is one of dismissal without prejudice. Real Estate-Land Title & Trust Co. v. Dildy, Tex.Civ.App., 92 S.W.2d 318, 322, writ ref.; Guaranty Building & Loan Co. v. Nowell, Tex.Civ.App., 76 S.W.2d 830, 831, writ ref.; Reed v. Staley, Tex.Civ.App., 139 S.W.2d 851, 854. Accord: Humphrey v. National Fire Ins. Co., Tex.Com.App., 231 S.W. 750, 752. The language in Zarsky v. Moss, Tex. Civ.App., 193 S.W.2d 245, 246 to the effect that when a plea in abatement is sustained the general order is one dismissing the cause, but it is "effective" only so long as the cause of abatement continues to exist, does not mean the judgment is not final or appealable, or that the same cause may be later revived from a suspended state on the docket. It means, if the cause of action still exists, a new suit may be instituted when the cause of abatement becomes non-existent.

■ A judgment is final and appealable when there are no equities or rights between the parties remaining for adjudication. Ferguson v. Ferguson, 161 Tex. 184, 338 S.W.2d 945, 947; 33 Tex.Jur.2d 604. It is not always essential that a judgment expressly and specifically enumerate or name the issues and parties disposed of. The judgment disposes of issues and parties which are included by necessary implication. McKenzie v. Withers, 109 Tex. 255, 206 S.W. 503, 505; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161.

"The general rule in Texas is that all issues presented by the pleadings are disposed of by the judgment unless the contrary appears from the face thereof," and "[W]here a claim is not expressly disposed of by judgment although raised by pleading, the judgment will be construed as denying relief upon such claim, and the judgment will be considered as being final and appealable." Vance v. Wilson, Tex., 382 S.W. 2d 107, 108, 109.

■ When plaintiff's action against Texas Asphalt seeking the adjudication of priority and foreclosure of the lien was dismissed, there were no rights, equities or issues left for adjudication as between plaintiff and the bank. These could exist only if plaintiff established a lien. The judgment, denying this remedy, effectively disposed of plaintiff's claim against the bank by necessary implication. Texas Life Ins. Co. v. Miller, Tex.Civ.App., 114 S.W. 2d 600, 601, per Justice Alexander.

Motion overruled.