**A. C. CARTE, Appellant,**

v.

**Charles McKENZIE et al., Appellees.**

**No. 4701.**

Court of Civil Appeals of Texas.

Waco.

July 3, 1968.

Rehearing Denied Aug. 1, 1968.

---

B. J. Spann, McDonald, Spann & Smith, Corpus Christi, for appellant.

R. Briscoe King, Sorrell, Anderson & Porter, Corpus Christi, for appellees.

McDONALD, Chief Justice.

## OPINION

This is an appeal by plaintiff from a judgment of the trial court sustaining defendants' pleas of bar by prior judgment, and res judicata, and further decreeing plaintiff take nothing.

Plaintiff Carte instituted this case against defendants McKenzie for damages for conversion of certain personal property by defendants, his former landlords, with the alternative relief of possession of such personal property.

Defendants answered by pleas that in a former suit between the same parties in the same court, plaintiff alleged a conversion of the personal property here involved; that the trial court entered judgment in such case for $7500. against defendants in favor of plaintiff; that the 13th Court of Civil Appeals thereafter modified the judgment, increasing plaintiff's damages to $22,467.74. Defendants further plead the plaintiff's pleadings placed in issue in the prior cause, the issue of conversion of plaintiff's property; that plaintiff recovered judgment for $22,467.74; and that under Rule 301 Texas Rules of Civil Procedure such final judgment disposed of, by necessary implication, all issues presented by the pleading.

The judgment in the prior case, and the mandate of the 13th Court of Civil Appeals increasing the damages awarded plaintiff from $7,500. to $22,467.74 are in the record before us.

The trial court entered judgment reciting "the Court having considered the pleadings in this cause, the Transcript, Statement of Facts, and Judgment in cause 71,845–D in the 105th District Court of Nueces County, the opinion and mandate of the 13th Court of Civil Appeals in Cause 46 * * * and being of the opinion defendants' pleas should be sustained;

"It is therefore * * * decreed that said pleas * * * are sustained * * * (and) that plaintiff take nothing * * *."

Plaintiff appeals on 6 points, contending:

1) Plaintiff brought suit in July, 1965 for conversion of his property in October, 1963, after judgment was entered in the prior cause holding he

was entitled to possession of the property converted—. The doctrine of Res Judicata cannot apply to acts subsequent to the judgment.

2) The judgment in the prior suit decreed plaintiff with right to possession of the property involved.

3) The judgment in the prior suit granted plaintiff one of two inconsistent claims for relief, i. e., it gave him right to possession rather than damages for conversion. Therefore the judgment cannot be construed in a manner contrary to its terms.

4) The judgment of the trial court supported by Findings of Fact and Conclusions of Law, decreed title and right of possession to the personal property involved, in plaintiff, and clearly shows that no damages were granted for conversion of the personal property.

Plaintiff was operator of a private club; defendants owned the building which was leased to plaintiff. (See McKenzie v. Carte, Tex.Civ.App. (nre) 385 S.W.2d 520). Defendants entered the leased premises and locked the same. Plaintiff, in the prior suit, sued for damages resulting from the landlord's unauthorized entry, as well as for damages for alleged conversion of personal property. Trial before the court resulted in judgment for plaintiff for $7500. Both sides appealed to the 13th Court of Civil Appeals which modified the judgment by increasing the damages awarded plaintiff to $22,467.74.

The judgment in the prior case awarded plaintiff $7500., and decreed the lease "to be in full force and effect." This was an effective decree that plaintiff was entitled to possession of the premises. The judgment does not state what the $7500. is for, but the Court of Civil Appeals' opinion held the trial court's findings "support a judgment awarding (Carte) the sum of $7500. as compensation for destruction of the *value* of (Carte's) *option* to extend the lease for 10 years." It calls this "loss of profits for destruction of the option." The Court of Civil Appeals then rendered judgment for $14,967.74 additional for loss of profits at $400. per month for 37 months and 13 days (from November 19, 1960 to December 31, 1963, the end of the primary term).

And Finding of Fact 32 of the trial judge recites:

"32. The plaintiff (Carte) is the owner of all personal property, furnishings and equipment in the leased premises except the glassware and beverages."

■ While the 1963 judgment did not expressly dispose of the personal property issue, it was raised by the pleadings. In such case the judgment will be construed as denying relief upon such claim (here that the personalty had been converted). See Vance v. Wilson, Tex., 382 S.W.2d 107.

■ This plaintiff was not paid for his personal property in the prior judgment; and such judgment by construction denies plaintiff any relief. for a conversion; and Finding of Fact 32, supra, places ownership of the personal property in plaintiff as of the time of the 1963 judgment.

The prior judgment is not a bar to plaintiff's present case alleging a conversion of the personal property subsequent to the 1963 judgment.

Plaintiff's points and contentions are sustained. The judgment is reversed and the cause is remanded for trial on the merits.

Reversed and remanded.