**James Albert BLACKMON and Jack Arthur Blackmon, Appellants,**

v.

**Gaines Franklin PARKER, Appellee.**

**No. 6554.**

Court of Civil Appeals of Texas, El Paso.

Dec. 8, 1976.

Rehearing Denied Jan. 5, 1977.

Allan L. Poage, El Paso, for appellants.

Pearson & Caballero, Ray Pearson, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves a Declaratory Judgment in which the trial Court held that Appellee owns a fee simple absolute to certain land and improvements located thereon in the City of El Paso. We affirm. The parties will be referred to as they appeared in the trial Court.

In about 1942, Mrs. Cathalene Blackmon, the mother of the Defendants, James and Jack Blackmon, purchased a home at 3222 Hamilton, El Paso, Texas. Approximately a year later, she married the Plaintiff, Gaines Franklin Parker. The family lived in this house until her death in 1958. During that time, the mortgage was paid down to about $500.00 and was eventually paid off by Mr. Parker. Mrs. Parker's will provided:

"After the payment of all my just debts, I give, devise, and bequeath all of the residue of my property, whether real, personal, or mixed, of whatsoever kind or nature, and wheresoever situate, to my husband, GAINES FRANKLIN PARKER, with the proviso that after my death, if my husband, GAINES FRANKLIN PARKER, should sell the house we lived in at the time of my death, then I give and bequeath what would have been my share of the proceeds of such a sale, had I lived, to my sons, JAMES ALBERT BLACKMON and JACK ARTHUR BLACKMON."

Following their mother's death, both boys expressed a desire that their stepfather retain the house for himself, and in May, 1958, they executed an instrument which recites:

" * * * for and in consideration of the love and affection which we have and bear unto GAINES FRANKLIN PARKER, and other good and valuable consideration, do GRANT, SELL AND CONVEY unto the said GAINES FRANKLIN PARKER of El Paso County, Texas, all of our right, title and interest in the estate of CATHALENE CRAVEY PARKER, of any property of whatsoever kind or wheresoever situate that would be bequeathed or devised to us by her will as a result of her death on the 30th day of March, 1958, TO HAVE AND TO HOLD together with all and singular, the rights and appurtenances thereto in anywise belonging, unto the said GAINES FRANKLIN PARKER, his heirs or assigns forever. * * * "

This instrument closes with a special warranty clause.

There now being a dispute between the two boys and their stepfather, Plaintiff filed this suit alleging in the first paragraph:

" * * * The real property, ownership of which is the subject matter of this suit to remove encumbrances upon the title and to quiet title to such land, lies wholly in El Paso County, Texas."

Plaintiff further asserted in his pleadings that if the property description in the deed was not sufficient to convey the real property in question, then the deed should be reformed to correctly and fully describe the property. He also pled a parole gift and his continued occupancy with valuable improvements to perfect title, and he additionally asserted title under the three, five, and ten-year Statutes of Limitation. It was further alleged that the contingent right to a payment of proceeds was assigned and transferred by the deed. He prayed for a " * * * judgment declaring that the Deed in question suffices as a conveyance of all right, title, and interest in and to the subject real estate of the Defendants, JAMES ALBERT BLACKMON and JACK ARTHUR BLACKMON, to the Plaintiff, GAINES FRANKLIN PARKER, and that the Defendants do not now own any right to the property or expectancy from any proceeds on the sale of the property." Thus the two issues raised concern title to real estate and proceeds of any sale.

Defendants assert there is no justiciable dispute for determination under the Declaratory Judgment Act, because there has been no sale of the property, and without a sale there are no proceeds for a determination as to ownership. A declaratory judgment is one which declares the rights and duties or the status of the parties. Art. 2524–1, Tex.Rev.Civ.Stat. There must exist a justiciable controversy between the parties in order for the Court to have jurisdiction over the issue in dispute. *Airport Coach Service, Inc. v. City of Fort Worth,* 518 S.W.2d 566 (Tex.Civ.App.—Tyler 1974,

writ ref'd n. r. e.). The Act specifically provides for construction of deeds and wills by those whose rights or legal relations are affected by such instruments. Art. 2524–1, Sec. 2, Tex.Rev.Civ.Stat.Ann.

In this case, there does exist a real issue as to the title to the land, which the trial Court determined, and a real issue as to the ownership of the proceeds of any sale, if a sale be made, and as to this issue, the judgment is silent. In effect, the judgment provides that the deed dated May 2, 1958, " * * * conveys the interest of Defendants to that certain land and the improvement located thereon, * * * [which is described by lot, block and addition] to Plaintiff * * *, thereby vesting in said GAINES FRANKLIN PARKER, the fee simple absolute to said property." The judgment further decrees "that Defendants have divested themselves of any interest in said property * * *." Of course, "said property" can only be that which appears in the earlier legal description and to which there is no reference to "proceeds of any sale." Without regard to the question of title, there is a present controversy as to the proceeds from any sale, and a judgment speaking to that issue would resolve the controversy between these parties and be a final determination of the issue. Thus, we conclude that there did exist a justiciable controversy in the trial Court and it had jurisdiction to decide the issue in a declaratory judgment. Even without regard to the deed, we conclude that the title issue was properly decided because under the will Defendants had no interest in the land but merely an interest in the proceeds derived from any future sale. *Conway v. Estes,* 346 S.W.2d 374 (Tex.Civ.App.—Fort Worth 1961, no writ). Appellants' first and second points of error are overruled.

Defendants next contend that the trial Court erred in failing to grant their motion to amend the judgment to provide that said judgment was without prejudice as to their making a claim for a share of the proceeds if the property is ever sold. While perhaps the trial Court should have amended the judgment to specifically provide for ownership of the proceeds of any sale, since the issue has not been decided adversely to the Defendants, we find no harm to Appellants in the trial Court's decision to deny the motion and reversible error is not presented. Rule 434, Tex.R.Civ.P. Under the holding in *Vance v. Wilson,* 382 S.W.2d 107 (Tex.1964), where a party seeks two types of recovery (title to land and proceeds of any sale) and the case is prosecuted to a final judgment, that judgment, while awarding plaintiff a recovery on one item (title to land), must be construed as denying the prayer for recovery on the other item (proceeds of any sale). In *Chem-Gas Engineers, Inc. v. Texas Asphalt & Refining Company,* 395 S.W.2d 690 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.), the Court said:

> " 'The general rule in Texas is that all issues presented by the pleadings are disposed of by the judgment unless the contrary appears from the fact thereof,' and '[W]here a claim is not expressly disposed of by judgment although raised by pleading, the judgment will be construed as denying relief upon such claim, and the judgment will be considered as being final and appealable.' *Vance v. Wilson,* Tex., 382 S.W.2d 107, 108, 109."

A similar result was reached in *Carte v. McKenzie,* 430 S.W.2d 559 (Tex.Civ.App.—Waco 1968, writ ref'd n. r. e.), where a plea of res judicata was raised in a suit as a result of a judgment in a prior suit which had awarded possession of leased premises to the plaintiff, but made no mention of a claim for conversion of personal property. The Court said:

> "While the 1963 judgment did not expressly dispose of the personal property issue, it was raised by the pleadings. In such case the judgment will be construed as denying relief upon such claim (here that the personalty had been converted). See *Vance v. Wilson,* Tex., 382 S.W.2d 107."

Point of error No. III is overruled.

Defendants next complain of the trial Court's refusal to make findings of fact

as requested in their request for additional findings. The trial Court's original conclusions of law provide in part:

"3. The Court concludes the Plaintiff herein has absolute title to the real estate in question, free and clear of any claims of the Defendants."

Defendants then requested a "finding that describes with particularity the claim or claims of the Defendants, as set out in Conclusion No. 3." While the Court did file additional findings, it did not, as such, "describe with particularity the claim or claims" of the Defendants. Nevertheless, we find no reversible error since Defendants acknowledge that they make no claim to title to the property described in the judgment, and the issue as to the proceeds of any sale has not been decided adversely to Defendants. Rule 434, Tex.R.Civ.P. Point of error No. IV is overruled.

The Defendants' last two points of error also complain with regard to the entry of a judgment which does not dispose of the question of "proceeds of the sale." Again, we conclude that there is no showing of any reversible error since that issue has not been decided adversely to the Defendants. Points of error V and VI are overruled.

We conclude that under the judgment entered by the trial Court, Mr. Parker has fee simple title to the real estate and improvements. But the judgment of the trial Court having made no mention of the proceeds of any future sale, we must hold that that issue has been decided adversely to the Plaintiff, and if Mr. Parker sells the property during his lifetime, the Defendants will be entitled to a share of the proceeds.

The judgment of the trial Court is affirmed.

PRESLAR, Chief Justice (concurring and dissenting).

I concur in the affirmance of the trial Court's judgment, but must respectfully dissent on the holding that the proceeds of sale go to the Defendants. The majority opinion applies the rule that where you ask for two things and the Court only gives you one, its silence as to the other means that it is denied. In this case, they say that the Court was silent on the matter of the proceeds of sale of the house. Granted, the judgment did not use the words "proceeds of sale," but the Court disposed of that issue when it rendered judgment. This, because that was the subject of the lawsuit.

That was what the Court decided when it construed the instrument by which the sons assigned "all of our right, title and interest in the estate of CATHALENE CRAVEY PARKER, of any property of whatsoever kind or wheresoever situate that would be bequeathed or devised to us by her will * * *." Under the record in this case, it is a strained construction of the Court's judgment to make an affirmative award to the sons who were Defendants.

The mother left the sons her share of the proceeds if the house was ever sold. They made an assignment to their stepfather. The problem arose as to whether that assignment included the proceeds. The parties went to Court to determine that question. When the Court ruled, it answered that question—regardless of the language used—because that was the only problem between these people. It was the problem that they brought to Court. It could be nothing more because that is all the sons got under the will—the proceeds of sale. That is all that can logically be involved, it is the only problem these people had, and it is the problem they went to Court asking for a declaratory judgment on. They attached the will and the instrument of assignment and asked the Court for a construction.

A problem is created because the pleadings of the Plaintiff went further than the declaratory relief sought and pled matters of title to the house with counts of a trespass to try title nature. These were surplusage to the suit because no title was involved. These excessive matters pleaded are but trees which obscure the forest—the problem between these people—the subject of their lawsuit. The criterion is the substance rather than the form of action which

entitles a party to any relief for which he shows a lawful reason. *Ellison v. McGlaun*, 482 S.W.2d 304 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.). The substance of this controversy is who gets the proceeds— were they assigned? If we do not put form over substance, we must conclude that issue was the one before the Court and decided by it of necessity when it rendered judgment.

The rule of law as to two causes of action relied on in the majority opinion is not applicable here because if two causes of action could be said to exist, there was but one basis for determination in the judgment; that was a construction of the two instruments involved. As quoted in the majority opinion, the judgment recited that the instrument of assignment, the "deed", conveyed title "fee simple absolute." But, it is important to note that that finding was not based on the matters pleaded in the nature of trespass to try title. Rather, the judgment specifically reads that it is construing the instrument of assignment which the Court said was a "deed" vesting title in the Plaintiff. Thus, the Court construed the instrument of assignment in favor of the Plaintiff. In that, it answered the question of the effect of the assignment on the proceeds of sale. Incident to that finding was a recitation of title, which by poor draftsmanship is made to appear as an issue decided, or in fact the principal issue decided. But, as we have seen, that was not the subject matter of the suit.

Following the paragraph in the judgment which speaks of title, there is a second separate paragraph by which the Court says "It is further ORDERED, ADJUDGED AND DECREED that Defendants have divested themselves of any interest in said property, and costs of Court should be charged against Defendants." In the writer's opinion, that second paragraph is enough to relieve the judgment of the claim that it is silent on the proceeds of sale question. If the language alone does not suffice, the implication is that the Defendants signed everything away.

The writer's construction of the judgment is bolstered by the fact that after its entry, the Defendants filed a written motion asking the Court to amend the judgment to provide that it was without prejudice to their making a claim for a share of the proceeds in the event of a sale. The Court by written order refused to make the amendment. To me, this is the Court's explanation of its judgment to mean that it is contrary to the requested relief. Otherwise, it would have granted the motion to amend. Ordinarily, we would not be able to go outside of an unambiguous judgment for its construction, but the Defendants as Appellants have assigned error in the Court's overruling their motion.

I would overrule that point of error, thereby holding that the judgment disposes of the question of the proceeds of sale in favor of the Plaintiff.

There is yet another reason why the judgment should not be construed as awarding any proceeds of sale to the Defendants; it recites that "fee simple absolute" title is vested in the Plaintiff by the Defendants' Deed. This is the most comprehensive estate recognized by law. "The quantum of interest of which the owner of a fee simple is vested is expressed by the term 'perfect' ownership." 22 Tex.Jur.2d, Estates, Sec. 3. It is clear of any qualification or condition. 4 Texas Practice, Land Titles, Lange, Sec. 348, Fee Simple Title (1961). Such a title would appear to exclude any claim by another for a portion of the proceeds of sale.

I would construe the judgment as awarding the proceeds of sale to the Plaintiff.