donald - final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-023-CV





TEXAS FARMERS INSURANCE COMPANY,



 APPELLANT


vs.





EDWARD M. GARZA, NANCY DONALD, DUSTIN BLAIR,


VALERIE KIRBY, AND REYES PATINO HERNANDEZ,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 91-3301, HONORABLE JOSEPH H. HART, JUDGE PRESIDING



 




 Texas Farmers Insurance Company ("Texas Farmers") sought a declaratory
judgment in an insurance dispute. The trial court rendered judgment denying Texas Farmers'
petition requesting declaratory judgment and Texas Farmers appeals. We will affirm.



BACKGROUND


 On July 27, 1988, Nancy Donald was driving her car when a truck struck her from
behind. Donald's children, Dustin Blair and Valerie Kirby, were passengers in her car at the time
of the accident. The driver of the truck, Reyes Hernandez, had no driver's license and was
intoxicated when he hit Donald's car. Edward Garza, the owner of the truck, and his son Ricardo
were passengers in the truck when Hernandez hit Donald's car. 

 Garza had liability insurance coverage through an automobile policy purchased
from Texas Farmers. This policy covered Garza by virtue of his status as named insured; it also
covered Hernandez because he was a permissive user of Garza's truck. The policy provided that
Texas Farmers would pay damages for bodily injury up to a maximum liability limit of $20,000
per person and $40,000 per accident.

 Donald, Blair, and Kirby asserted a claim for negligence arising out of the accident,
alleging that Hernandez negligently operated the truck and that Garza negligently entrusted the
truck to Hernandez. Their claims, combined with the claim of Ricardo Garza, exceeded the
maximum insurance benefits of $40,000. 

 In June 1989, Donald, Blair, and Kirby made a written offer to release Hernandez
from liability in exchange for the $40,000 limit of liability insurance available to him. However,
Texas Farmers had already paid $5,700 to settle the claims of Ricardo and Edward Garza against
Hernandez, leaving a balance of only $34,300 available to settle the claims of Donald, Blair, and
Kirby. Texas Farmers responded to the written offer to release by interpleading the remaining
$34,300 into the registry of the court and filing a request for declaratory judgment. The trial
court refused to grant the requested relief and Texas Farmers appealed that ruling. Texas Farmers
voluntarily dismissed that appeal in April 1991. 

 In November 1990, the underlying claim was tried to a jury, resulting in a
judgment in favor of Donald, Blair, and Kirby against both Garza and Hernandez. The jury
awarded Donald, Blair, and Kirby the amounts of $291,900.97, $1,141.89, and $33,548.49,
respectively, recoverable from Garza and Hernandez jointly and severally. The jury also awarded
exemplary damages recoverable from Hernandez. On July 5, 1991, the trial court signed an order
permitting the interplead funds to be withdrawn and disbursed to Blair and Kirby, who were fully
paid and satisfied by virtue of this order. The disbursement to only Blair and Kirby was pursuant
to an agreement between Donald, Blair, and Kirby. None of the tendered money was disbursed
to Donald, who remains wholly unpaid at this time. 

 In March 1991, Texas Farmers filed a second request for declaratory judgment,
asking that the trial court determine how the insurance proceeds should be credited between
Hernandez and Garza in satisfaction of the judgment against them. The trial court denied Texas
Farmers' petition on the ground that the request for declaratory judgment presented no justiciable
controversy. That refusal forms the basis of this appeal.



DISCUSSION


 In its first point of error, Texas Farmers argues that the trial court erred in
overruling Texas Farmers' motion to render declaratory judgment on the issue of who, as between
Garza and Hernandez, should receive credit for the insurance benefits paid under Garza's
insurance policy. Texas Farmers contends that the trial court should have rendered declaratory
judgment on this issue because the Uniform Declaratory Judgments Act provides the court with
the power to declare the rights, status, and other legal relationships of parties before the court. 
See Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (West 1986). 

 In this instance, both Garza and Hernandez are insured persons under the policy,
entitled to coverage and a defense on the underlying claims. The policy does not, however,
address who should receive credit for the proceeds paid when two insured persons have competing
interests. Texas Farmers argues that the trial court's failure to render declaratory judgment leaves
open the question of how credit for the insurance proceeds should be applied as between Garza
and Hernandez.

 We disagree. As noted, this cause involves three distinct claimants: Donald, Blair,
and Kirby. Texas Farmers fully satisfied the claims of two of the tort victims, Blair and Kirby,
when the interplead funds were disbursed in accordance with the order dated July 5, 1991. 
Nothing in the record indicates that Blair or Kirby have any further claims against Hernandez,
Garza, or Texas Farmers. 

 The disbursement to Blair and Kirby exhausted the insurance funds in the registry
of the court. Thus, the issue of how to distribute the insurance funds is no longer before the
court. 

 Donald remains wholly unpaid at this time. Since no insurance proceeds remain
to be disbursed to Donald, she is a judgment creditor against Hernandez and Garza. Nothing in
the record indicates that Donald has any claim against Texas Farmers; any future payments
Donald may receive will be from the judgment debtors, Hernandez and Garza. Accordingly, any
determination of disproportionate payment by either of the judgment debtors to Donald is
premature.

 Texas Farmers does not explain the importance of having the trial court decide
whether Hernandez or Garza receives credit for the money paid to Blair and Kirby. Without
further explanation, we do not see the relevance of having the trial court make such a
determination, since Texas Farmers paid Blair and Kirby in full, and neither have further claims
against Hernandez, Garza, or Texas Farmers.

 There must be a justiciable controversy between the parties before a declaratory
judgment action will lie. California Prods., Inc. v. Puretex Lemon Juice, Inc., 334 S.W.2d 780,
781 (Tex. 1960); see also Blackmon v. Parker, 544 S.W.2d 810, 812 (Tex. Civ. App.--El Paso
1976), aff'd, 553 S.W.2d 623 (Tex. 1977). A justiciable controversy does not exist if a party
requests a court to render a declaratory judgment in the form of an advisory opinion premised on
the occurrence of a future, hypothetical event. Stop'n Go Mkts, Inc. v. Executive Sec. Sys., Inc.
of Am., 556 S.W.2d 836, 837 (Tex. Civ. App.--Houston [14th Dist.] 1977, no writ). Since we
find no controversy regarding the application of credit for the policy proceeds paid to Blair and
Kirby, we conclude that the trial court did not err in failing to make the requested determination. 
Accordingly, we overrule this point of error.

 In its second point of error, Texas Farmers challenges the trial court's finding of
fact that no evidence exists that Garza or Hernandez had paid any sum in satisfaction of the
underlying judgment. We attach to findings of fact the same weight that we attach to a jury's
verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.
Civ. App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.).

 Texas Farmers argues that is a conflict exists between the finding that Texas
Farmers paid funds into the registry of the court and the findings that neither Garza nor
Hernandez had made any actual payments. We conclude that no conflict exists between a finding
that an insurance carrier paid funds into the registry of the court and findings that insured persons
had made no actual payments. Therefore, we overrule the second point of error.

 In its third point of error, Texas Farmers argues that the trial court erred in its
conclusions of law that until Garza or Hernandez make actual payments, the trial court is unable
to determine whether either had paid a disproportionate share of his joint and several liability; and
that Texas Farmers' suit for a declaratory judgment was moot and presented no justiciable
controversy.

 The trial court's conclusions of law are always reviewable. Middleton v. Kawasaki
Steel Corp., 687 S.W.2d 42, 44 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.). 
Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory
the evidence supports. Simpson v. Simpson, 727 S.W.2d 662, 664 (Tex. App.--Dallas 1987, no
writ). Incorrect conclusions of law will not require reversal, however, if the controlling findings
of fact will support a correct legal theory. Valencia v. Garza, 765 S.W.2d 893, 898 (Tex.
App.--San Antonio 1989, no writ). Moreover, conclusions of law may not be reversed unless they
are erroneous as a matter of law. Mercer v. Bludworth, 715 S.W.2d 693, 697 (Tex.
App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.). For the reasons stated above in the discussion
of the first point of error, we find that the trial court did not err in its conclusions of law. 
Therefore, we overrule appellant's third point of error.

 Having overruled all of Texas Farmers' points of error, we affirm the judgment
of the trial court.





 


 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and Kidd]


Affirmed


Filed: October 14, 1992


[Do Not Publish]