TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00408-CV







Margo Frasier, Travis County Sheriff, In Her Official Capacity;

and Travis County, Texas, Appellants


v.



Elvina Yanes, Janet Cisneros, and Patricia Mitchell, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 97-13704, HONORABLE JOHN DIETZ, JUDGE PRESIDING







 Three detention officers in the Travis County Sheriff's office were injured while
performing their official duties. They brought suit seeking a declaratory judgment that article III,
section 52e of the state constitution entitled them, as law-enforcement officers, to receive their full
salary during their period of recovery. Sheriff Margo Frasier in her official capacity and Travis
County (collectively Frasier) raised a plea to the jurisdiction, claiming that the constitutional
provision is not self-enacting and did not waive sovereign immunity, or alternatively that the
officers did not exhaust their administrative remedies or properly present their claims. The trial
court denied the plea to the jurisdiction. On appeal Frasier presents four issues that allegedly
deprive the trial court of jurisdiction to grant declaratory relief. We will affirm.


BACKGROUND

 Elvina Yanes, Janet Cisneros, and Patricia Mitchell worked for the Travis County
Sheriff's Office as detention officers. After suffering on-the-job injuries, each filed for and received
workers' compensation. They did not, however, receive their full salaries during their physical
incapacitation, payment they claim they were entitled to under article III, section 52e of the Texas
Constitution. (1)

 The sheriff's office required these officers to use accrued sick, vacation, and
personal leave during their time off from work. Because of their physical inability to carry out the
various tasks required of detention officers, the sheriff's office appointed the injured officers to the
civilian position of security coordinator at a lesser salary.

 All three officers filed suit in district court arguing that the county owed them their
maximum salary for the time they spent as incapacitated law-enforcement officers. They specifically
sought a declaration under the Uniform Declaratory Judgments Act (2) that they are law-enforcement
officers for purposes of section 52e. Frasier filed a plea to the jurisdiction, claiming that the
constitutional provision does not specifically waive sovereign immunity and arguing that the
plaintiffs failed to exhaust their administrative remedies or to make proper presentment. The district
court denied the plea, and Frasier filed an expedited appeal to review this denial.


HISTORY OF ARTICLE III, SECTION 52e

 Article III, section 52e of the Texas Constitution provides:


Each County in the State of Texas is hereby authorized to pay all medical
expenses, all doctor bills, and all hospital bills for Sheriffs, Deputy Sheriffs,
Constables, Deputy Constables and other county and precinct law enforcement
officials who are injured in the course of their official duties; providing that while
said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or
precinct law enforcement official is hospitalized or incapacitated that the county
shall continue to pay his maximum salary; providing, however, that said payment
of salary shall cease on the expiration of the term of office to which such official
is elected or appointed.



Tex. Const. art. III, § 52e.

 At the time section 52e was adopted in 1967, county law-enforcement officers were
not entitled to workers' compensation. The high risk involved in law-enforcement work made this
a particular concern. Furthermore, article III, section 52 of the state constitution seemed to
prevent the counties from self-insuring their workers by prohibiting a grant or loan of public funds
to private individuals. Section 52e avoided this prohibition by authorizing counties to pay medical
expenses for law-enforcement officers injured while performing their official duties.

 In addition, the constitutional provision provided that while incapacitated the
injured officer was to receive her maximum salary until recovery or the end of the official's term
of office. The Attorney General noted that the danger of the work made it necessary for the
government to provide these incentives to law-enforcement personnel. See Tex. Att'y Gen. Op.
LO-62 (1993).

 In 1973, the workers' compensation statute was amended to cover law-enforcement
officers of all political subdivisions. (3) See Tex. Rev. Civ. Stat. Ann. art. 8309h (West 1967 &
Supp. 2000) (recodified at Tex. Lab. Code Ann. §§ 504.001-.073 (West 1996)). For an interim
period, county officers were entitled to their maximum salary under section 52e and to workers'
compensation benefits. See El Paso County v. Jeffers, 699 S.W.2d 375, 377 (Tex. App.--El Paso
1985, no writ). This "double dipping" was eliminated in 1987 by the adoption of section 5 to
article 8309h of the revised civil statutes, later codified as section 504.051 of the Texas Labor
Code, which reduces the workers' compensation benefits paid to an injured county officer who
receives his maximum salary under the provision of section 52e. See Tex. Lab. Code Ann.
§ 504.051. Salary payments made under section 52e are mandatory and may not be reduced. See
Tex. Att'y Gen. Op. LO-62. With this background in mind, we will address Frasier's issues on
appeal.


DISCUSSION

 Frasier raises four arguments to defeat jurisdiction: article III, section 52e is not
self-enacting and does not waive sovereign immunity; the Uniform Declaratory Judgments Act itself
cannot create jurisdiction where none exists; Yanes, Cisneros, and Mitchell failed to exhaust their
administrative remedies; and they failed to properly present their claims to the county as required
by section 81.041 of the Texas Local Government Code. Tex. Loc. Gov't Code Ann. § 81.041
(West 1999). Whether the trial court properly denied Frasier's plea to the jurisdiction presents
a pure question of law that we will review de novo. See State Farm Lloyds v. Kessler, 932
S.W.2d 732, 735 (Tex. App.--Fort Worth 1996, writ denied).


Article III, Section 52e

 Frasier makes a two-part challenge to the officers' right of action under the
constitution: that section 52e is not self-enacting and that it does not waive sovereign immunity.


 (a) Self-enacting

 Frasier relies on City of Beaumont v. Bouillion for the proposition that section 52e
creates no implied cause of action. See 896 S.W.2d 143 (Tex. 1995). The Bouillion court held
that the Bill of Rights has no implied cause of action and therefore plaintiffs could not recover for
injuries to their free-speech interests. See id. at 147. However, the court distinguished general
constitutional guarantees in the Bill of Rights from a specific textual entitlement to compensation,
such as that found in article I, section 17 (the takings clause). See id. at 149; Tex. Const. art. I,
§ 17. The officers in our case do not seek damages for a general constitutional tort, as in
Bouillion, but have sued to enforce a specific constitutional entitlement to compensation. In this
regard, section 52e is analogous to the takings clause; it confers a narrow contextual right of
compensation. In Steele v. City of Houston, the supreme court stated, "[t]he Constitution itself
is the authorization for compensation for the destruction of property and is a waiver of
governmental immunity for the taking, damaging, or destruction of property for public use." 603
S.W.2d 786, 791 (Tex. 1980). The Bouillion court refused to expand the direct authorization
recognized in Steele to include a right to damages for every constitutional tort, admonishing that
"this language cannot be interpreted beyond its context." See Bouillion, 896 S.W.2d at 149
(referring to Steele, 603 S.W.2d at 791). To recognize a direct cause of action under section 52e,
we need not expand the holding in Steele; indeed the entitlement to compensation under section
52e is even narrower than the takings clause. It applies only to county law-enforcement officers
injured while performing their official duties. The takings clause provides that "no person's
property shall be taken, damaged or destroyed or applied to public use without adequate
compensation." Tex. Const. art. I, § 17. A constitutional provision is said to be self-enacting
when it supplies a rule sufficient to protect the right given or permit enforcement of the duty
imposed. See Motorola v. Tarrant County Appraisal Dist., 980 S.W.2d 899, 902 (Tex. App.--Fort
Worth 1998, no pet.). Section 52e is itself, in a narrowly defined context, authorization for
compensation by the county to incapacitated officers and like the takings provision grants a private
cause of action to those entitled to maximum pay according to its terms. See Tex. Const. art. III,
§ 52e.

 Furthermore, three courts of appeals cases have impliedly recognized a cause of
action for law-enforcement officers to enforce their rights under article III, section 52e, although
the issue of jurisdiction was never directly addressed. See County of El Paso v. Hill, 754 S.W.2d
267, 268 (Tex. App.--El Paso 1988, writ denied) (holding deputy entitled to maximum salary from
date of injury to date of recovery or until expiration of sheriff's term, whichever comes first);
Samaniego v. Arguelles, 737 S.W.2d 88, 90 (Tex. App.--El Paso 1987, no writ) (terminated
deputies not entitled to reinstatement, but termination did not preclude right to receive maximum
salary during incapacitation); Jeffers, 699 S.W.2d at 377 (affirming trial court's award of back
pay for unlawful offset of workers' compensation payments). We hold that article III, section 52e
is self-enacting and that these officers may sue to enforce their constitutional entitlement to
maximum pay.


 (b) Waives Sovereign Immunity

 The supreme court stated in Federal Sign v. Texas Southern University that it is the
legislature's sole province to waive or abrogate sovereign immunity. See 951 S.W.2d 401, 409
(Tex. 1997). Additionally, a waiver of immunity must be clear and unambiguous. See Toungate
v. Bastrop Indep. Sch. Dist., 842 S.W.2d 823, 828 (Tex. App.--Austin 1992, no writ) (citing
Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980)). Frasier contends that section 52e does not
expressly waive sovereign immunity. Constitutional amendments, however, are not like statutes. 
The language of section 52e may appear statute-like, but it is of constitutional dimension. A
legislative doctrine, such as sovereign immunity, may not abrogate a right directly conferred by
a section of the Texas Constitution. "It is fundamental that the Constitution is the paramount law
of the state and cannot be altered by legislative amendments." Jones v. Ross, 173 S.W.2d 1022,
1024 (Tex. 1943). Alternatively, by conferring a textual entitlement, section 52e is itself the
authorization for the payment to county law-enforcement officers and a waiver of sovereign
immunity.

 Frasier also cites O'Bryant v. City of Midland for the proposition that a suit for
monetary relief is barred by sovereign immunity. See 949 S.W.2d 406, 414 (Tex. App.--Austin
1997, writ granted). In O'Bryant, several police officers sued their supervisors and the city
alleging unlawful employment practices. See id. at 409. To their other statutory and common-law
pleadings the officers appended a claim that their right to free speech had been violated. See id. 
The officers sought reinstatement and back pay as remedies for alleged violations of their
constitutional rights. See id. at 413. To determine whether their claims were barred by sovereign
immunity we analyzed whether the request was pursued as an equitable claim. See id. at 413-14. 
We held that sovereign immunity barred the officers' suit for damages as a remedy for the
constitutional tort they allegedly suffered. See id. at 414. We noted that seeking back pay as
damages for a constitutional tort fell under the prohibition announced in Bouillion. See id. But
we declined to interpret Bouillion as precluding all awards of money for a constitutional violation. 
See id. Today, we recognize a narrow exception to such an absolute bar: a suit for equitable relief
to enforce a right to compensation specifically set forth in the constitution. The detention officers'
equitable claim here is distinguishable from the O'Bryant officers' suit for general constitutional
tort damages. For the same reason that we distinguish this suit to enforce a textual entitlement
to compensation from the constitutional tort at issue in Bouillion, we distinguish this claim for
specific performance of a constitutional right from the claim for back pay in O'Bryant. We
overrule Frasier's first issue.


Declaratory Judgment

 In her second issue on appeal, Frasier makes two arguments based on the Uniform
Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997). 
 First, Frasier contends that the Declaratory Judgments Act does not apply to clarify constitutional
provisions. We disagree. The Declaratory Judgments Act may be used to clarify statutes or
constitutional imperatives. See Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996). 
Historically, challengers to improper governmental action have sought declaratory relief. See
State Bar of Tex. v. Gomez, 891 S.W.2d 243, 244 (Tex. 1994) (constitutional challenge to failure
of State Bar to compel lawyers to provide free legal services to indigent Texans); Davenport v.
Garcia, 834 S.W.2d 4, 5-6 (Tex. 1992) (applying Texas constitutional guarantee of free
expression to invalidate gag order); Edgewood Indep. Sch. Dist. v. Kirby, 777 S.W.2d 391, 397
(Tex. 1989) (finding state school finance system unconstitutional). Second, Frasier argues that
the Declaratory Judgments Act does not confer jurisdiction. We agree. A claimant seeking a
declaratory action must already have a cause of action at common law or under some statutory or
constitutional provision. A declaratory judgment declares the rights and duties or the status of
parties in a justiciable controversy. See Blackmon v. Parker, 544 S.W.2d 810, 812 (Tex. Civ.
App.--El Paso 1976), aff'd, 553 S.W.2d 623 (Tex. 1977). Because we have decided that section
52e confers a private cause of action, a declaratory judgment is a proper action for determining
the officers' rights under this constitutional provision. We overrule Frasier's second issue.


Exhaustion of Administrative Remedies

 In a third issue, Frasier argues that the officers have failed to exhaust their
administrative remedies and this deprives the court of jurisdiction to hear their case. Requiring
exhaustion of administrative remedies is a well-established doctrine, but a doctrine with numerous
exceptions. The officers did not file any formal complaint with either the county civil service
commission or the commissioners court. However, when pure questions of law are involved, the
doctrine of exhaustion of administrative remedies does not apply. See Grounds v. Tolar Indep.
Sch. Dist., 707 S.W.2d 889, 892 (Tex. 1986). In this case, the facts are undisputed and the
question before the trial court is a pure question of law--whether the plaintiffs are law-enforcement
officers entitled to their constitutionally protected salary during a period of disability. Concluding
that the officers did not need to exhaust their administrative remedies prior to raising this issue
of law before the trial court, we overrule Frasier's third issue.


Failure to Present

 Section 81.041(a) of the Texas Local Government Code requires claimants to
present their claims to the commissioners court before filing suit against the county. (4) See Tex.
Loc. Gov't Code Ann. § 81.041(a). The supreme court has recently determined that section
81.041 is a notice requirement and not jurisdictional. See Essenburg v. Dallas County, 988
S.W.2d 188, 188 (Tex. 1998). Because presentment is not jurisdictional and is merely an issue
of notice, it is inappropriate to raise this issue in a plea to the jurisdiction. Both parties
acknowledged this at trial. We therefore overrule Frasier's fourth issue.


CONCLUSION

 Having overruled all issues on appeal, we affirm the district court's judgment
denying Frasier's plea to the jurisdiction.



 

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Yeakel and Patterson

Affirmed

Filed: December 16, 1999

Publish

1. See Tex. Const. art. III, § 52e.
2. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997).
3. Political subdivision is a county or any other legally constituted political subdivision of the
state. See Tex. Lab. Code Ann. § 504.001(3) (West 1996).
4. Section 81.041(a) reads as follows:


 (a) A person may not sue on a claim against a county unless the person has presented the
claim to the commissioners court and the commissioners court has neglected or refused
to pay all or part of the claim.


Tex. Loc. Gov't Code Ann. § 81.041(a) (West 1999).

State Bar of Tex. v. Gomez
, 891 S.W.2d 243, 244 (Tex. 1994) (constitutional challenge to failure
of State Bar to compel lawyers to provide free legal services to indigent Texans); Davenport v.
Garcia, 834 S.W.2d 4, 5-6 (Tex. 1992) (applying Texas constitutional guarantee of free
expression to invalidate gag order); Edgewood Indep. Sch. Dist. v. Kirby, 777 S.W.2d 391, 397
(Tex. 1989) (finding state school finance system unconstitutional). Second, Frasier argues that
the Declaratory Judgments Act does not confer jurisdiction. We agree. A claimant seeking a
declaratory action must already have a cause of action at common law or under some statutory or
constitutional provision. A declaratory judgment declares the rights and duties or the status of
parties in a justiciable controversy. See Blackmon v. Parker, 544 S.W.2d 810, 812 (Tex. Civ.
App.--El Paso 1976), aff'd, 553 S.W.2d 623 (Tex. 1977). Because we have decided that section
52e confers a private cause of action, a declaratory judgment is a proper action for determining
the officers' rights under this constitutional provision. We overrule Frasier's second issue.


Exhaustion of Administrative Remedies

 In a third issue, Frasier argues that the officers have failed to exhaust their
administrative remedies and this deprives the court of jurisdiction to hear their case. Requiring
exhaustion of administrative remedies is a well-established doctrine, but a doctrine with numerous
exceptions. The officers did not file any formal complaint with either the county civil service
commission or the commissioners court. However, when pure questions of law are involved, the
doctrine of exhaustion of administrative remedies does not apply. See Grounds v. Tolar Indep.
Sch. Dist., 707 S.W.2d 889, 892 (Tex. 1986). In this case, the facts are undisputed and the
question before the trial court is a pure question of law--whether the plaintiffs are law-enforcement
officers entitled to their constitutionally protected salary during a period of disability. Concluding
that the officers did not need to exhaust their administrative remedies prior to raising this issue
of law before the trial court, we overrule Frasier's third issue.


Failure to Present

 Section 81.041(a) of the Texas Local Government Code requires claimants to
present their claims to the commissioners court before filing suit against the county. (4) See Tex.
Loc. Gov't Code Ann. § 81.041(a). The supreme court has recently determined that section
81.041 is a notice requirement and not jurisdictional. See Essenburg v. Dallas County, 988
S.W.2d 188, 188 (Tex. 1998). Because presentment is not jurisdictional and is merely an issue
of notice, it is inappropriate to raise this issue in a plea to the jurisdiction. Both parties
acknowledged this at trial. We therefore overrule Frasier's fourth issue.


CONCLUSION

 Having overruled all issues on appeal, we affirm t