WALTON v. STEFFENS et al.

No. 4215.

Court of Civil Appeals of Texas. El Paso.

June 11, 1942.

Rehearing Denied June 30, 1942.

Grady Owen, of Brownwood, for appellants.

Wm. J. Gerron and I. J. Burns, both of Brady, for appellees.

McGILL, Special Commissioner.

This is an appeal from a judgment of the District Court of Brown County, 35th Judicial District. Mrs. Mattie Steffens, a widow, Laura M. Steffens, a feme sole, and Karl D. Steffens, plaintiffs, sought to recover from O. R. Walton, defendant, rentals due on two lease contracts executed by plaintiffs and defendant. One contract is dated October 23, 1940, and is for a term of five years, beginning December 1, 1940, and the other is dated on October 29, 1940, and is for a term of five years, beginning January 1, 1941. Both leases cover land owned by plaintiffs and located near Camp Bowie, in Brown County. Defendant sought to avoid payment on the ground of mutual mistake of all parties when the contracts were executed in their belief that the land was and would be located on a road that was to be made a four-lane paved road, and would be the main entrance to Camp Bowie, and would make the property valuable for commercial purposes, the use that all parties contemplated should be made of it. Such location, he alleged, was the prime and material consideration for the contracts. He also based his defense on the ground of misrepresentations by plaintiffs as to the location of said property as above stated,

and as to its being suitable for commercial purposes and his reliance thereon as a material inducement to his execution of the contract; also on want of and failure of consideration. He further claimed that plaintiffs had accepted his abandonment and surrender of the property by taking possession of it, and had forfeited the lease contracts, and that the contracts were thereby terminated and he had paid all sums due thereunder. The case was submitted to a jury on special issues. The court submitted special issues on misrepresentation, but refused to submit requested issues on mutual mistake, failure of consideration, surrender of possession by defendant, possession by plaintiffs, forfeiture of the lease contracts by plaintiffs, and payment thereunder. On answers to special issues submitted, judgment was rendered in favor of plaintiffs for $950 for rents due under the contracts to and including the month of April, 1941, after allowing defendant $100 for the reasonable rental value of the property for the months of March and April, 1941. (The uncontroverted evidence showed that defendant abandoned the property about March 1, 1941, and that plaintiffs have been in possession of it since then.)

Defendant O. R. Walton has duly perfected his appeal. He raises fifteen points on which the appeal is predicated.

The parties will be designated as in the trial court.

No question is raised as to the pleadings.

█ The first point complains of the court's refusal to submit defendant's requested special issue No. 1. This issue presented an affirmative submission of defendant's theory of defense on the ground of mutual mistake as to material factors essential to an understanding of the consequences of the lease contracts, i.e., that the property described in the contracts was located on the main entrance and road to the Army Camp.

In refusing to submit such issue there was no error. There is no evidence which would support a finding that there was any mistake by any of the parties as to the identity or true location of the property leased, as in Culbertson v. Blanchard, 79 Tex. 486, 15 S.W. 700; nor is there complaint that because of a mutual mistake of an existing fact the land was unsuited in quantity or quality for the use which all parties to the lease contracts contemplated

would be made of it, as in Edwards v. Trinity & B. V. Ry. Co., 54 Tex.Civ.App. 334, 118 S.W. 572, writ refused. The contention is, that because all parties thought at the time the leases were executed that the property was near the main entrance to Camp Bowie and abutted on a road leading to such main entrance which would soon be a four-lane paved highway leading directly to such entrance, and because they were mistaken in such belief, defendant is entitled to equitable relief.

■ The applicable rule is thus stated in Pomeroy's Equity Jurisprudence, 3d Ed., sec. 855: "When parties have entered into a contract or arrangement based upon uncertain or contingent events, purposely as a compromise of doubtful claims arising from them, and where parties have knowingly entered into a speculative contract or transaction,—one in which they intentionally speculated as to the result,—and there is in either case an absence of bad faith, violation of confidence, misrepresentation, concealment, and other inequitable conduct mentioned in a former paragraph, if the facts upon which such agreement or transaction was founded, or the event of the agreement itself, turn out very different from what was expected or anticipated, this error, miscalculation, or disappointment, although relating to matters of fact, and not of law, is not such a mistake, within the meaning of the equitable doctrine, as entitles the disappointed party to any relief either by way of canceling the contract and rescinding the transaction, or of defense to a suit brought for its enforcement. In such classes of agreements and transactions, the parties are supposed to calculate the chances, and they certainly assume the risks, where there is no element of bad faith, breach of confidence, misrepresentation, culpable concealment, or other like conduct amounting to actual or constructive fraud."

■ The principle of this rule has been recognized and applied in cases involving voluntary settlements for personal injuries where there was mutual mistake as to the true extent of the injuries, Houston & T. C. R. Co. v. McCarty, 94 Tex. 298, 60 S.W. 429, 52 L.R.A. 293, 86 Am.St.Rep. 835; and in voluntary settlements of boundary disputes where the parties were mutually mistaken in their belief that the line agreed upon was the true boundary, Cooper v. Austin, 58 Tex. 494. In this case the court cites Hoxey v. Clay, 20 Tex. 582, 586, another settlement of a boundary dispute, where relief was sought because of mutual mistake as to the true boundary, and at page 502, of 58 Tex. quotes from that opinion: "'Under such circumstances, it is believed it will not be found that equity has afforded relief to a party on the ground of mistake. Where the means of information are equally open to both parties, and where each is presumed to exercise his own skill, diligence and judgment in regard to all extrinsic circumstances, equity will not relieve. In like manner, where the fact is equally unknown to both parties, or where the fact is doubtful from its very nature, if the parties have acted with entire good faith (as cannot be doubted in this instance), a court of equity will not interpose to afford relief on the ground of a mistake of fact. 1 Story's Eq., secs. 149, 150. The means of information are alike accessible to all parties.'" See also 10 Tex.Jur. p. 92, sec 53.

We think these authorities are applicable to the situation here. While the leases in question were not entered into in compromise or settlement of a dispute, yet, the underlying theory on which equitable relief was denied is the same. The leases were highly speculative in character. If a four-lane military road went by the property to the main entrance to Camp Bowie, it would be valuable for commercial purposes. All parties thought that the road would be paved and would lead to the main entrance. The means of information were open at least equally to all parties. Defendant was the official photographer for the Camp, and familiar with the Army plans for location of entrances to it. There is no evidence of inequitable conduct by plaintiffs. Special Issue No. 1 submitted by the court and the jury's answer thereto eliminated any question of misrepresentation by plaintiffs. Under these circumstances no case for equitable relief because of mutual mistake was presented.

For the same reasons there was no error in the court's refusal to submit defendant's requested special issue No. 4 by which he sought an affirmative submission of his defense of failure of consideration, as contended under the second point. Mason v. Peterson, Tex.Com.App., 250 S.W. 142.

■ Under the third, fourth, fifth and sixths points complaint is made of the court's failure to submit issues as to (1) whether defendant had paid plaintiffs all

sums due under the lease contracts; (2) whether he had surrendered possession of the premises prior to filing of the suit; (3) whether plaintiffs had forfeited the contracts; (4) whether plaintiffs had entered upon and taken possession of the premises. These requested issues were predicated upon the theory that the lease contracts had terminated because of ·the surrounding facts and circumstances.

Each lease contained a provision giving the lessors the right to forfeit it upon nonpayment of rent, and to repossess the property upon such forfeiture. There was no provision for repossession without forfeiture.

In the absence of evidence of probative force which would authorize a finding that plaintiffs accepted the surrender of and took possession of the premises with intent that the lease contracts should be terminated and defendant should be released from further liability thereunder, the mere taking of possession by plaintiffs on abandonment by defendant could not have this effect. Early v. Isaacson, Tex.Civ.App., 31 S.W.2d 515, writ refused. In IX Texas Law Review, 578, there is an excellent analysis and discussion of this case.

■ By the seventh point complaint is made of the court's action in overruling objections to Special Issue No. 4 submitted by the charge. This issue asks the jury to determine whether defendant would not have executed the lease contracts if it had not been for the representations of one or· more of plaintiffs. The point is without merit.

Even though plaintiffs had represented that the road adjoining the property in question would be a four-lane paved road and the main entrance to Camp Bowie, and defendant had relied on such representations as a material factor in inducing him to execute the lease contracts, yet, if he would have executed them notwithstanding such representations, he could not avoid payment thereunder.

In Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141, at page 1142, 132 Am.St. Rep. 900, Judge Brown, for the Supreme Court, says: "The Court of Civil Appeals correctly held that it was sufficient if Burnett relied upon the false representations made by Buchanan *and would not have made the purchase if the representations had not been made.*" (Italics ours.)

The rule is supported by the language of the opinions in Gainesville Nat. Bank v. Bamberger, 77 Tex. 48, 13 S.W. 959, at page 960, 19 Am.St.Rep. 738, and Durham v. Wichita Mills & Elevator Co., Tex. Civ.App., 202 S.W. 138, at page 141, writ refused; Stoker v. Fugitt, Tex.Civ.App., 113 S.W. 310, at 311, writ refused; also by Pomeroy's Equity Jurisprudence, Third ed., sec 890, and 20 Tex.Jur. p. 52, sec. 30.

As we understand the rule deducible from these authorities, it was not necessary that defendant should rely solely on such material misrepresentations in order to entitle him to relief; but if he would have entered into the contract, regardless of his reliance on them, then he cannot avail himself of them for a defense.

A contrary doctrine is enunciated in 12 R.C.L. p. 229, sec. 61, and in Hester v. Shuster, Tex.Civ.App., 234 S.W. 713, at page 716, writ dismissed.

We approve the rule, which we think is supported by the above decisions of the Supreme Court.

■ By the eighth point complaint is made of the court's action in overruling defendant's objections to Special Issue No. 5 submitted by the charge. This issue and the answer thereto were as follows:

"Do you find from a preponderance of the evidence that the defendant, at the time of the execution of the lease contracts introduced in evidence, did not rely upon his own knowledge or upon information acquired from other sources other than the plaintiffs, that the road adjoining the property in question would be a paved road and the main entrance to Camp Bowie, as a material factor in executing said lease contracts?"

Answer: "He did rely upon his own knowledge or information acquired from sources other than from plaintiffs."

In view of Special Issues Nos. 3 and 4 which were submitted, Special Issue No. 5 became immaterial. If defendant believed such representations and relied on them, and would not have entered into the contracts if they had not been made, he would not be denied relief, even though he did not rely solely on such representations, but in part on his own knowledge and information acquired from sources other than from plaintiffs. Graves v. Haynes, Tex.Com.App., 231 S.W. 383, at page 386.

■ Though this issue was improperly submitted, we think it was not prejudicial to defendant, in view of the court's instruction to the jury to answer each issue submitted without considering whether such answers might be favorable or otherwise to either party to the suit and the submission of Special Issue No. 4. Had Special Issue No. 4 been answered "He would not have," defendant would have been entitled to relief, notwithstanding the answer to Special Issue No. 5.

■ For like reason the submission of plaintiffs' requested special issue No. 1 complained of by the ninth point was improper, but harmless. This issue was as follows:

"Do you find and believe from a preponderance of the evidence that the defendant, Walton, in entering into the contracts in question relied partly upon his own knowledge and investigation and partly upon the representations made to him by plaintiffs, if any?"

Answer: "No."

Although defendant may have relied partly upon his own knowledge and investigation and partly upon the representations made to him by plaintiffs, yet, he would not have been denied relief if, notwithstanding such reliance, he would not have executed the lease contracts if it had not been for the representations of plaintiffs.

■ By the tenth point error is asserted in the court's refusal to set aside the verdict because the finding on Special Issue No. 5 is not supported by and is contrary to the evidence, and by the eleventh point the same error is asserted relative to plaintiffs' requested special issue No. 1. Since Special Issue No. 5 and plaintiffs' requested special issue No. 1 were immaterial, there was no error in the court's refusal to set aside the verdict because these issues were not supported by or were contrary to the evidence, if such were the facts.

What has been said in disposing of the first, second, third, fourth, fifth and sixth points disposes of the twelfth, fourteenth and fifteenth points, which relate to the court's refusal to recognize defendant's theory of mutual mistake, failure of consideration, payment, repossession of the property, and forfeiture of the leases by plaintiffs.

■ Under the thirteenth point error is assigned in the court's refusal to instruct the jury not to consider the following part of the closing argument of plaintiffs' counsel: "He wants you to believe that Mrs. Steffens perpetrated a fraud upon the defendant to induce him to sign the contracts; he wants you to believe that Miss Laura Steffens perpetrated a fraud upon the defendant to induce him to sign the contracts; he wants you to believe that Karl Steffens perpetrated a fraud upon the defendant to induce him to sign the contracts."

The objection was that, as no issue of fraud was presented by the case as submitted, such argument was prejudicial, as it led the jury to believe defendant could not prevail unless they believed that plaintiffs had perpetrated a fraud on him. The court qualified the bill of exception as follows: "The evidence in this case on the part of the defendant had shown that the plaintiffs had represented to the defendant that the highway adjoining this property would be a paved highway and that it would be the main entrance to Camp Bowie, and that the defendant relied on these representations as a basis for leasing the property in question from the plaintiffs; that said representations were not true nor correct and that said highway was never paved nor was it the main entrance to Camp Bowie. This evidence was argued by the defense counsel before the jury as a basis for getting the jury to answer the special issues submitted favorable to the defendant."

Defendant's original answer, which was read to the jury, contained the following allegations: "* * * the defendant says that the plaintiffs fraudulently procured defendant to sign and execute said contracts by falsely making to defendant the following material, and, as plaintiffs well knew, untrue representations, to-wit: that the property described in said contracts was and would be located on the main entrance and road to the army camp situated near the town of Brownwood, Brown County, Texas, and known as Camp Bowie, and that said property would be easily accessible to the general public and suitable and convenient for the commercial purposes proposed and intended by the defendant, and contemplated by all parties, both plaintiff and defendant, as the use to which said property would be put, and the purposes for which said property was attempted to be leased by the defendant as contemplated by all parties to said con-

tracts, whereby defendant, relying thereon, was induced, without any consideration whatever, and in ignorance and mistake as to the true nature, identity, locality, and condition of said property and of such main entrance to said camp, to execute and deliver the said contracts to the plaintiffs, and that except for said false and fraudulent material representations as aforesaid, defendant would not have entered into said contracts, * * *."

The line of demarcation between relief which will be granted for misrepresentation where relied on, though innocently made, and fraud, is not clearly defined. Watson v. Baker, 71 Tex. 739, 9 S.W. 867.

In view of defendant's pleading and the court's qualification to defendant's bill of exception, we think there was no error in refusing to instruct the jury not to consider such argument.

We find no reversible error. The judgment is therefore affirmed.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.