**WINDMILL DINNER THEATRE OF DALLAS, INC., et al., Appellants,**

v.

**C. W. HAGLER, d/b/a H & H Builders, Appellee.**

No. 19804.

Court of Civil Appeals of Texas, Dallas.

May 17, 1979.

Rehearing Denied June 13, 1979.

Carter L. Ferguson, Jonathan D. F. Nelson, Fort Worth, for appellants.

Mike M. Tabor, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

STOREY, Justice.

This is a suit for foreclosure of a mechanic's lien upon removable fixtures which were incorporated into a construction project. Judgment was entered in favor of the plaintiff, Hagler, who was the general contractor; and the defendant Windmill Dinner Theatre of Dallas, Inc., the owner of the property, appeals from that judgment. The controlling factor in this case is the legal effect of a judgment in a prior case, involving the same project, which held that Hagler's lien was inferior to a deed of trust lien held by Continental National Bank of Fort Worth. We conclude that the prior judgment disposed of the identical issue presented in this case, and therefore reverse and render in part.

Appellant contends that Hagler is collaterally estopped from relitigating the issue of removability of the fixtures and that the prior judgment is res judicata to his present action; Hagler contends that he is neither estopped nor barred in the present action because the previous suit involved different parties and sought different relief. Our judgment is based on collateral estoppel.

In applying the rule of collateral estoppel, sometimes called estoppel by judgment, the question is whether the former judgment decides the same issue as that in the present case. *Houston Terminal Land Co. v. Westergreen*, 119 Tex. 204, 27 S.W.2d 526 (1930). If so all of the parties need not be the same so long as the party against whom the estoppel is asserted or someone in privity with him is the same. *Hardy v. Fleming*, 553 S.W.2d 790, 792 (Tex.Civ.App. —El Paso 1977, writ ref'd n. r. e.). See also *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 363 (Tex.1971).

The essential facts giving rise to both cases are fully set out in the opinion of the court of civil appeals in the prior case. *Hagler v. Continental National Bank of Fort Worth*, 549 S.W.2d 250 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.). That case was a declaratory judgment action brought by Hagler against the bank, seeking to have his mechanic's lien declared superior to the deed of trust lien held by the bank. The trial court, finding that the bank's deed of trust was executed before any materials were delivered or construction began, accordingly declared the bank's lien to be superior and rendered a judgment that Hagler take nothing. The bank's lien was dated December 26, 1973, and was given to secure a note of the same date for the $555,000.00. The loan was funded the same day, and Crystal Properties, Inc., the maker

of the note, used $132,000.00 of the proceeds to purchase the land which was conveyed to Crystal the same day. Hagler's construction contract with Crystal was dated December 18, 1973, but was not recorded, so that he was compelled to rely upon the start of construction to establish that his affidavit lien originated before, and was therefore superior to, the bank's lien. Before entry of the trial court's judgment, Crystal had defaulted on the note, and the bank had foreclosed its deed of trust lien, purchasing the land and improvements at the foreclosure sale. The trial court's judgment was affirmed in the *Hagler v. Continental Bank* case above cited. In affirming, the appellate court noted, 549 S.W.2d at 252:

> Appellant concedes that the Bank's deed of trust was superior to his mechanic's lien insofar as the *$132,000.00* representing the purchase price of the land is concerned and that foreclosure by the Bank effectively extinguished any right of foreclosure he may have had, but he nevertheless contends that his lien is superior to the Bank's as to any of the foreclosure proceeds in excess of the purchase price, and that he is entitled to judgment against the Bank for $96,673.00 of such excess proceeds.

The court overruled this contention and denied the declaratory relief sought because Hagler had failed to prove that his lien had its inception before the execution of the bank's deed of trust and was therefore inferior to it.

In the present case, Hagler sued Crystal Properties, Inc. for his debt and joins Windmill Dinner Theatre of Dallas, Inc., the present owner, alleging that he has a mechanic's lien and constitutional lien and is entitled to foreclosure and order of sale upon the fixtures installed by him during construction which can be removed without substantial injury to the premises. These fixtures consist of numerous items such as lavatories, doors, hot water heaters, and the like. He prays *for a determination of the rights*, if any, of Windmill Dinner Theatre, Inc. and others, and for money judgment against Crystal. This case was filed by Hagler prior to the *Continental Bank* case and was pending during the trial and appeal of the latter case.

Windmill acquired title to the property by general warranty deed from Windmill Dinner Theatre, Inc., who, in turn acquired title by general warranty deed from Continental National Bank after its purchase at foreclosure sale.

While the issue of foreclosure upon removable fixtures was not expressly decided in the former case, we conclude that the judgment disposed of it by necessary implication. In the previous case, in addition to Hagler's pleading that his lien was superior to the bank's lien because of its alleged earlier inception, he alleged also that he was entitled to a superior constitutional lien upon all removable property installed or placed on the premises as a part of his contract. Without specifically mentioning the alternative pleading, the trial court's judgment declared that the bank's lien was superior and expressly denied to Hagler recovery of any part of the excess proceeds. This was sufficient to dispose of the issue by implication. *Vance v. Wilson*, 382 S.W.2d 107 (Tex.1964).

Where a claim is not expressly disposed of by the judgment, although raised by the pleading, the judgment will be construed as denying relief on such claim. *Vance*, 382 S.W.2d at 108. In the *Vance* case, 382 S.W.2d at 109, the Supreme Court quoted from *Rackley v. Fowlkes*, 89 Tex. 613, 36 S.W. 77 (1896) as follows:

> [W]here the pleadings and judgment in evidence show that the pleadings upon which the trial was held put in issue plaintiff's right to recover on two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover from such other cause.

Chief Justice Calvert stated the rule with respect to disposition of issues by implication in *Northeast Independent School District v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966):

**588**

When a judgment not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. . .
it will apply to separate claims of the plaintiff, cross-actions and counterclaims by the defendants against the plaintiff, cross-actions by the defendants against other defendants.

We hold that the judgment in the prior case was an adjudication that Hagler was not entitled to recovery of any part of the $96,073.00 of excess proceeds on any theory, and by implication on the removable fixture theory; that appellant is therefore judicially estopped to relitigate the issue.

Appellee contends that in the previous case, he could not have recovered the relief sought in the present case because Crystal, the owner, was not a party to that suit. The facts of the previous case do not support this contention because the record reflects that Crystal's interest had been foreclosed and conveyed to Continental prior to the entry of the trial court's judgment. Crystal, therefore, was not a necessary party to any relief sought in the previous case. We see no reason why Hagler, in his claim for the excess proceeds, could not have prevailed on his alternative plea with respect to the removable fixtures if he had offered the same proof as in this case. Consequently, the absence of Crystal as a party does not affect application of the doctrine of collateral estoppel.

We therefore reverse and render the judgment against Windmill and tax the costs of this appeal against Hagler. The judgment against Crystal is undisturbed.