NO. 07-01-0509-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 10, 2002



______________________________




STEPHEN L. GEHRING CONSTRUCTION, INC. AND



FIDELITY & DEPOSIT OF MARYLAND, APPELLANTS



V.



TODD BLACKBURN D/B/A TODD'S HOME REPAIR & REMODELING, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. L2965; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________





Before QUINN and REAVIS and JOHNSON, JJ.


 Stephen L. Gehring Construction, Inc. and Fidelty & Deposit of Maryland
(collectively Gehring) appeal from a judgment following a non-jury trial ordering that Todd
Blackburn d/b/a Todd's Home Repair & Remodeling (Blackburn) recover $18,886.92, plus
attorney's fees and interest on his claim against Gehring. By its first issue, Gehring
contends the trial court erred in permitting the "Plaintiff's Lien," and by its second issue,
contends the trial court erred in finding that Blackburn was entitled to recover upon his
mechanic's and materialmen's lien. Based upon the rationale expressed herein, we affirm. 

 By its summary of argument, Gehring contends:


 the trial court was simply wrong in permitting Plaintiff its Claim of
Mechanics and Materialmen's Lien based upon the evidence and law;
and


 


 the trial court was wrong in permitting Plaintiff its Claim of Mechanics
and Materialmen's lien plus attorney's fees.



Because Gehring does not challenge the legal or factual sufficiency of the evidence and
no affirmative defenses were raised because Gehring did not file an answer, Tex. R. Civ.
P. 94, we will review only such evidence as is necessary to develop our analysis and
dispose of the case. 

 By his first amended original petition, Blackburn sought to recover $18,886.62
based on written contract for the construction of improvements on the specified real estate. 
In addition, he sought to establish and foreclose a lien against the real estate, plus
attorney's fees. Then, by alternative pleading, he sought to recover $18,886.62 for labor
and materials furnished for the construction of improvements, plus attorney's fees;
however, by the alternative pleading, Blackburn did not allege or seek foreclosure of any
lien. Following a non-jury trial, the court signed its judgment that Blackburn recover
$18,886.92, plus attorney's fees and interest against Gehring, but the judgment did not
establish any lien or otherwise authorize relief and foreclosure in accordance with Tex. R.
Civ. P. 309. To the contrary, the judgment was silent as to any lien, and simply awarded
Blackburn $18,886.92, plus attorney's fees, interest and costs "for all of which let execution
issue if not timely paid." 

 Because neither party made any request for findings of fact and conclusions of law
as allowed by Tex. R. Civ. P. 296 and the trial court made none, and a reporter's record
has been provided, we presume the trial court found all fact questions in support of its
judgment and must affirm that judgment on any legal theory supported by the pleadings
and evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). 
Because a reporter's record has been provided, the implied findings may be challenged
for legal and factual insufficiency "the same as jury findings or a trial court's findings of
fact." Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989).

 By its first issue, Gehring asserts the trial court erred in permitting the "plaintiff's
lien," and by its second issue contends that Blackburn was not entitled to recover upon his
mechanic's and materialmen's lien. We disagree. Because these issues present similar
questions, we will consider them together. 

 As mentioned above, Blackburn's amended petition alleged a claim based upon
contract and sought establishment and foreclosure of a mechanic's and materialman's lien.
However, Blackburn also alleged an alternative claim for labor and materials furnished for
improvements, plus attorney's fees, but did not assert any lien. Gehring's issues are
directed to the mechanic's and materialman's lien claim only; however, the judgment does
not fix, establish, or order foreclosure of any lien. 

 In Texas, where, as here, a claim is not expressly disposed of by the judgment,
although raised by the pleadings, the judgment will be construed as denying relief on such
claim. Vance v. Wilson, 382 S.W.2d 107, 108 (Tex. 1964); Windmill Dinner Theatre of
Dallas v. Hagler, 582 S.W.2d 585, 587 (Tex.Civ.App.--Dallas 1979, writ dism'd). Because
the judgment is silent as to the lien or its foreclosure, it does not invoke the provisions of
Tex. R. Civ. P. 309, and neither party requested that the trial court make any findings of
fact and conclusions of law, we presume the trial court denied the claim based on the
affidavit for lien, and instead rendered judgment based on the claim for labor and materials
furnished for improvements. Accordingly, because Gehring's issues are directed to the
allowance of the lien, and do not address the judgment based on the unsecured claim for
labor and materials furnished for improvements, the issues present nothing for review. 
Tex. R. App. P. 38.1(e) replacing former Rule 74(f); Rayl v. Borger Economic Development
Corp., 963 S.W.2d 109, 113 (Tex.App.--Amarillo 1998, no pet.). Issues one and two are
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.