NO. 07-01-0509-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 10, 2002

_____

STEPHEN L. GEHRING CONSTRUCTION, INC. AND

FIDELITY & DEPOSIT OF MARYLAND, APPELLANTS

V.

TODD BLACKBURN D/B/A TODD'S HOME REPAIR & REMODELING, APPELLEE

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. L2965; HONORABLE JAMES W. ANDERSON, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Stephen L. Gehring Construction, Inc. and Fidelty & Deposit of Maryland (collectively Gehring) appeal from a judgment following a non-jury trial ordering that Todd Blackburn d/b/a Todd's Home Repair & Remodeling (Blackburn) recover $18,886.92, plus

attorney's fees and interest on his claim against Gehring. By its first issue, Gehring contends the trial court erred in permitting the "Plaintiff's Lien," and by its second issue, contends the trial court erred in finding that Blackburn was entitled to recover upon his mechanic's and materialmen's lien. Based upon the rationale expressed herein, we affirm.

By its summary of argument, Gehring contends:

- the trial court was simply wrong in permitting Plaintiff its Claim of Mechanics and Materialmen's Lien based upon the evidence and law; and

- the trial court was wrong in permitting Plaintiff its Claim of Mechanics and Materialmen's lien plus attorney's fees.

Because Gehring does not challenge the legal or factual sufficiency of the evidence and no affirmative defenses were raised because Gehring did not file an answer, Tex. R. Civ. P. 94, we will review only such evidence as is necessary to develop our analysis and dispose of the case.

By his first amended original petition, Blackburn sought to recover $18,886.62 based on written contract for the construction of improvements on the specified real estate. In addition, he sought to establish and foreclose a lien against the real estate, plus attorney's fees. Then, by alternative pleading, he sought to recover $18,886.62 for labor and materials furnished for the construction of improvements, plus attorney's fees; however, by the alternative pleading, Blackburn did not allege or seek foreclosure of any

2

lien. Following a non-jury trial, the court signed its judgment that Blackburn recover $18,886.92, plus attorney's fees and interest against Gehring, but the judgment did not establish any lien or otherwise authorize relief and foreclosure in accordance with Tex. R. Civ. P. 309. To the contrary, the judgment was silent as to any lien, and simply awarded Blackburn $18,886.92, plus attorney's fees, interest and costs "for all of which let execution issue if not timely paid."

Because neither party made any request for findings of fact and conclusions of law as allowed by Tex. R. Civ. P. 296 and the trial court made none, and a reporter's record has been provided, we presume the trial court found all fact questions in support of its judgment and must affirm that judgment on any legal theory supported by the pleadings and evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). Because a reporter's record has been provided, the implied findings may be challenged for legal and factual insufficiency "the same as jury findings or a trial court's findings of fact." Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989).

By its first issue, Gehring asserts the trial court erred in permitting the "plaintiff's lien," and by its second issue contends that Blackburn was not entitled to recover upon his mechanic's and materialmen's lien. We disagree. Because these issues present similar questions, we will consider them together.

As mentioned above, Blackburn's amended petition alleged a claim based upon

3

contract and sought establishment and foreclosure of a mechanic's and materialman's lien. However, Blackburn also alleged an alternative claim for labor and materials furnished for improvements, plus attorney's fees, but did not assert any lien. Gehring's issues are directed to the mechanic's and materialman's lien claim only; however, the judgment does not fix, establish, or order foreclosure of any lien.

In Texas, where, as here, a claim is not expressly disposed of by the judgment, although raised by the pleadings, the judgment will be construed as denying relief on such claim. Vance v. Wilson, 382 S.W.2d 107, 108 (Tex. 1964); Windmill Dinner Theatre of Dallas v. Hagler, 582 S.W.2d 585, 587 (Tex.Civ.App.--Dallas 1979, writ dism'd). Because the judgment is silent as to the lien or its foreclosure, it does not invoke the provisions of Tex. R. Civ. P. 309, and neither party requested that the trial court make any findings of fact and conclusions of law, we presume the trial court denied the claim based on the affidavit for lien, and instead rendered judgment based on the claim for labor and materials furnished for improvements. Accordingly, because Gehring's issues are directed to the allowance of the lien, and do not address the judgment based on the unsecured claim for labor and materials furnished for improvements, the issues present nothing for review. Tex. R. App. P. 38.1(e) replacing former Rule 74(f); Rayl v. Borger Economic Development Corp., 963 S.W.2d 109, 113 (Tex.App.--Amarillo 1998, no pet.). Issues one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.

4

Don H. Reavis
Justice

Do not publish.